**GURR BRANDE & SPENDLOVE, PLLC**
ROBERT A. GURR (Utah Bar No. 13722)
   rob@gbsip.com
JARED G. BRANDE (Utah Bar No. 11514)
   jared@gbsip.com
ROBERT D. SPENDLOVE (Utah Bar No. 15924)
   spendlove@gbsip.com
491 E. Riverside Dr., #4B
St. George, UT 84790
Phone: (435) 634-8889
Fax: (866)-232-8818

Attorneys for Plaintiff

---

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| Dewey D, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>Progressive Dental Marketing, LLC,<br><br>      Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Dewey D, LLC, by and through its counsel, Gurr Brande & Spendlove, PLLC, hereby brings this Complaint against the Defendant, Progressive Dental Marketing, LLC, and alleges as follows:

**THE PARTIES**

    1.    Plaintiff, Dewey D, LLC, is Utah Limited Liability Company with its principal place of business at 560 S Valley View Ste 2., St. George, Utah, 84770.

2.      Upon information and belief, Defendant Progressive Dental Marketing, LLC, is a Florida Limited Liability Company with its principal place of business at 50 South Belcher Road, Suite 102, Clearwater, Florida, 33765.

## JURISDICTION AND VENUE

3.      Dewey D, LLC ("Plaintiff") seeks disgorgement of profits, punitive damages, trademark cancellation, and injunctive relief under federal and state law and files this action against Progressive Dental Marketing, LLC ("Defendant") for Defendant's willful acts of trademark infringement, fraud on the United States Patent & Trademark Office ("USPTO"), and unfair competition.

4.      This Court has original subject matter jurisdiction under 15 U.S.C. §§ 1116, 1120, and 1121(a). The Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to Plaintiff's federal claims within the Court's original jurisdiction that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this Judicial District and within Utah. In addition, by committing acts of trademark infringement, false designation of origin, and unfair competition in this Judicial District, including, but not limited to, by using Plaintiff's common law trademark in connection with the advertisement, marketing, promotion, sale, and offer for sale of goods and/or services to customers in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)-(d).

7. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action..

## GENERAL ALLEGATIONS

8. Plaintiff has common law rights in and to the mark, "Dental Implant Machine" for marketing services (the "DIM" mark).

9. Plaintiff has used the DIM mark in commerce since at least as early as January 2017.

10. Plaintiff filed Federal Trademark Application Serial Number 90077417 on July 28, 2020, for the DIM mark and design.

11. Defendant filed Federal Trademark Application Serial Number 90006791 for the mark "The Dental Implant Machine" for marketing services as an intent-to-use application on June 17, 2020.

12. Plaintiff's '417 application has been suspended pending the outcome of Defendant's '791 application.

13. Plaintiff sent a letter, dated December 18, 2020, to Defendant's attorney of record David R. Ellis, advising Defendant of Plaintiff's prior use of the DIM mark. Plaintiff informed Defendant that Plaintiff had used the DIM mark in about 46 states since 2017 and that plaintiff further owns the domain www.dentalimplantmachine.com.

14. Plaintiff warned Defendant that filing a Statement of Use ("SOU") with the trademark office would result in litigation. Defendant's attorney responded that Defendant "does not intend to take any action at this time."

15. Despite being aware of Plaintiff's claims to the DIM mark, and contrary to Defendant's earlier statement regarding taking no action, Defendant proceeded to file a SOU with the USPTO on June 03, 2021.

16. In its SOU, Defendant claimed to have begun use of the mark on September 30, 2020.

17. Plaintiff made the following statements, among others, in its SOU filing:

   a. "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive."

   b. "To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support."

   c. "The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of

the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true."

18. Plaintiff has invested substantial time and resources into developing its DIM mark, amassing consumer goodwill over the years.

19. Defendant offers services using the DIM mark on its webpage http://catalystimplantsymposium.com.

20. Defendant's services, in conjunction with the DIM mark, are confusingly similar to Plaintiff's DIM mark.

21. Plaintiff is not affiliated with Defendant in any way, nor has Defendant been granted a license or other permission to use Plaintiff's DIM mark.

22. Defendant is fraudulently inducing consumers to purchase a service that consumers believe is provided by, or associated with, Plaintiff.

**First Cause of Action**
**(Fraudulent Registration – 15 U.S.C. § 1120)**

23. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above, as though fully set forth herein.

24. Defendant was aware of Plaintiff's prior use of the DIM mark and of Plaintiff's claim to ownership of the DIM mark at least as early as December 18, 2020.

25. Defendant made a fraudulent declaration to the USPTO when it filed its SOU on June 03, 2021 stating that "[t]o the best of the signatory's knowledge and belief, no other persons,

except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive."

26. Defendant made a fraudulent declaration to the USPTO when it filed its SOU stating that "[t]o the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support."

27. Defendant's '791 application should be withdrawn, or its resulting Registration cancelled. Additionally, Plaintiff is entitled to recover damages in such sum as the Court may find just according to the circumstances of the case.

<u>Second Cause of Action</u><br>(Trademark Infringement – 15 U.S.C. § 1125)

28. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above, as though fully set forth herein.

29. Plaintiff has continuously and exclusively used the DIM mark in commerce since at least as early as 2017.

30. When Plaintiff became aware of Defendant's intent to use the DIM mark, Plaintiff sent Defendant a letter informing Defendant of Plaintiff's common-law rights and seeking to enforce its common-law rights.

31. Defendant's use of the DIM mark is a violation of 15 U.S.C. § 1125.

32.     Defendant has acted in bad faith and/or willfully in continuing use of the DIM mark despite being aware of Plaintiff's claims to the DIM mark.

33.     Defendant's filing of the SOU was done in bad faith and included fraudulent statements to the USPTO.

34.     Plaintiff is entitled to damages under 15 U.S.C. § 1125(a), to injunctive relief under 15 U.S.C. § 1116, and/or to a recovery of damages pursuant to 15 U.S.C. § 1117(a). Damages recoverable are actual damages sustained by the Plaintiff, Defendant's profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the Court may find just according to the circumstances of the case.

### Third Cause of Action
### (Unfair Competition – Utah Code Ann. § 13-5a-102)

35.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though fully set forth herein.

36.     Defendant has used the DIM mark without authorization from the Plaintiff.

37.     Defendant's acts of using the DIM mark have fraudulently induced consumers to purchase services they believed to be from the Plaintiff.

38.     By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public.

39.     Defendant's acts complained of herein constitute trademark infringement, unfair competition, and unlawful, unfair, malicious, or fraudulent business practices, which have injured Plaintiff.

40. Defendant's unfair and unlawful business practices have caused substantial injury to Plaintiff and are continuing to cause substantial injury. Plaintiff has no adequate remedy at law for these injuries. Unless the Defendant is restrained by this Court from continuing its unfair and unlawful business practices these injuries will continue to accrue. Plaintiff is entitled to preliminary and permanent injunctive relief against the Defendant's unfair and unlawful business practices constituting statutory unfair competition.

### Request for Relief

Based on the foregoing, Plaintiff respectfully requests judgment in its favor against Defendant as follows:

A. Enter judgment in favor of Plaintiff and against Defendant on all claims;

B. That the Court render a final judgment that the Defendant has violated 15 U.S.C. § 1120 by fraudulently procuring, or seeking to procure, its Registration;

C. That the Court withdraw Defendant's '791 application or otherwise cancel its resulting Registration and award monetary damages to Plaintiff;

D. That the Court render a final judgment that the Defendant has violated the provisions of 15 U.S.C. § 1125 by willfully infringing Plaintiff's DIM mark;

E. That the Court render a final judgment that the Defendant has violated Utah Code Ann. § 13-5a-102 by false advertising and fraudulently inducing consumers to buy Defendant's services;

  F. That the Defendant, its agents, servants, employees, successors, assigns and attorneys and any related companies, and all persons in active concert or participation with one or more of them be preliminarily and permanently enjoined and restrained from:

   i. unlawfully using the DIM mark or any other mark that is essentially identical to, a colorable imitation of, or confusingly similar to the DIM mark;

   ii. filing any applications for registration of any trademarks similar to the DIM mark;

   iii. unfairly competing with Plaintiff in any manner; and

   iv. causing a likelihood of confusion or injury to Plaintiff's business reputation;

  G. That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

  H. That Defendant be required to account to Plaintiff for any and all profits derived by the Defendant by virtue of the Defendant's acts complained of herein;

  I. That this case be deemed exceptional and the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

  J. That the Court award Plaintiff its reasonable costs, expenses, and attorneys' fees pursuant to at least 15 U.S.C. § 1117;

  K. That Defendant's actions be deemed willful;

  L. That Plaintiff be awarded restitution and disgorgement; and

M. That Plaintiff be awarded any other such relief that the circumstances may require and that the Court deems just and proper.

DATED this 22nd day of July 2021.

Respectfully submitted,

**GURR BRANDE & SPENDLOVE, PLLC**

/s/ Robert D. Spendlove
ROBERT A. GURR (Utah Bar No. 13722)
   rob@gbsip.com
JARED G. BRANDE (Utah Bar No. 11514)
   jared@gbsip.com
ROBERT D. SPENDLOVE (Utah Bar No. 15924)
   spendlove@gbsip.com
491 E. Riverside Dr., #4B
St. George, UT 84790
Phone: (435) 634-8868